FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 JUN 10 PM 1:35

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

LIAO, JIANSONG, A40-295-181   *

versus   *

   *

JOHN ASHCROFT, US ATTNREY GENERAL   *
AND BCIS   *

**03-1640**

CIVIL NO.:
**SECT. M MAG. 3**

### PETITION FOR A WRIT OF HABEAS CORPUS
### PURSUANT TO 28 USC. SEC. 2241

Petitioner, Liao, Jiansong, through his attorney, avers as follows:

### I.   INTRODUCTION

Petitioner, Liao, Jiansong, through its counsel of record, hereby files this civil action. Petitioner is seeking relief from indefinite detention by INS (presently, BICS) under 8. USC Sec. 1231(A)(6), which is a violation of his constitutional due process rights as adjudged by the Supreme Court in Zadvydas v. Davis, 121 S. Ct. 2491 (2001).

### II.   JURISDICTION

This Honorable Court has jurisdiction to hear this petition pursuant to 28 U. S. C. Sec. 2241, which allows any person being detained in violation of the Constitution to seek review of his detention from the District Court with Jurisdiction over the place of confinement. The Petitioner

___ Fee $5.00
___ Process
_X_ Dktd
___ CtRmDep
___ Doc. No. 1

1

is being incarcerated at the Tangipahoa Parish Prison, Amite, Louisiana under the geographical jurisdiction of this court. The Supreme Court held in INS v. S. Cyr., 533 U. S. 289, 121, S. Ct. 2271, 150 L. Ed. 2d 347 (2001) that:

> Federal Courts have been authorized to issue writs of Habeas Corpus since the enactment of the judiciary act of 1789 and s2241 of the judicial code provides that federal judges may grant the writ of Habeas Corpus on the application of a prisoner held in custody in violation of the Constitution or Laws of the United States.

INS v. St. Cyr., 121 S. Ct. 2271-2282 (2001).

Therefore, the habeas corpus jurisdiction is still vested in this Honorable Court.

### III.    FACTUAL BACKGROUD

The petitioner, a citizen of China, was a permanent resident of the United States.

He had a hearing in front of an Immigration Judge on August 8, 2001 and was ordered removal. Mr. Liao has been detained at Tangipahoa Parish Prison for more than eight months. He has not been removed to China even though more than one year and a half have passed since the order became final.

### IV.    EXHAUSTION OF REMEDIES

The petitioner has exhausted his only possible administrative remedies. He requested his release from INS pursuant to Post-Zadvydas-Regulations 8 C.F.R. 241.13. Since regulations do not provide for any appeals or further administrative review, the petitioner's administrative remedies are exhausted.

## V.     LAW AND ARGUMENTS

Petitioner has been under INS detention since August 8, 2001, more than 20 months ago.

The petitioner has been incarcerated since August 8, 2001, while awaiting his removal, which is beyond the 6 months allocated under the U. S. Constitution. Petitioner's indefinite detention is unconstitutional because it violates his due process rights as adjudged by the U. S. Supreme Court decision in Zadvydas v. Davis, 533 U. S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001). In Zadvydas, the Supreme Court held that section 241(a)(6) of the Act generally permits the detention of aliens who have been admitted to the United States and who are under a final order of removal, only for a period reasonably necessary to bring about their removal from the United States. See Zadvydas, 533 U. S. at 701, 121 St. C. at 2505, 150 L. Ed. 2d 674. The Court held that the detention of such aliens beyond the statutory removal period, for up to six months after entry of a final removal order, is *"presumptively reasonable."* Id., 121 S. Ct. at 2504-05. After six months, if an alien can provide *"good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,"* the government must rebut the alien's showing in order to continue the alien in detention. Id. In cases where there is a significant likelihood that the alien will be removed in the reasonably foreseeable future, the Supreme Court's decision did not question the Service's authority to detain an alien under Section 241 (a)(6) of the Act beyond the six-month period, pursuant to the existing detention standards in 8 CFR 241.4. The decision does not require that an alien under a final order of removal be automatically released after six months if he has not yet been removed. Instead, the Court stated: "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonable foreseeable future." Id. What counts as the "reasonable

3

foreseeable future" in this context must take account of the length of the alien's prior post-removal detention. Id.

In the present case, petitioner has been awaiting his removal for more than the allocated 6 month period adjudged by the U. S. Supreme Court. INS has requested travel documents for the petitioner from Chinese authorities. However, Chinese authorities have refused to issue the travel documents requested by the INS.

While INS has been able to remove some Chinese nationals in the past, it is well established that Chinese authorities have not issued travel documents for most of its court ordered deported nationals. Chinese authorities have not issued travel documents for petitioner's removal although requests have been made by INS to Chinese authorities for such documents more than 6 months ago. It is petitioner's understanding that for the past few months Chinese authorities have been refusing to issue travel documents for anybody at all. That additional fact is significant because it reduces further possibilities of petitioner's removal in the reasonably foreseeable future.

The petitioner is in no way refusing or fighting his deportation order issued by the Immigration Court, but he is requesting relief from indefinite detention by INS and is asking this Honorable Court to uphold the decision of the Supreme Court.

The Supreme Court held that indefinite detention of removable aliens for more than six months is unconstitutional:

> Consequently, for the sake of uniform administration in the federal courts, we recognize that period. After this six month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with sufficient evidence to rebut the showing.

Zadvydas, at 2505.

It is ordered by the Immigration Court that Mr. Liao Jiansong be ordered removed. It is the petitioner's belief that the Peoples Republic of China refused his request for no travel documents were prepared even months have passed from the date of the request.

This alone is proof that INS request for documents to the Peoples Republic of China was refused by the Chinese Authorities.

The petitioner has been detained for almost 20 months awaiting his removal. The Petitioner has provided good reasons that his removal is NOT likely to occur in the reasonably foreseeable future.

Therefore, for the reasons stated in this petition and case law stated in this petition, the petitioner asks this Honorable Court to uphold the Supreme Court decision and grant this petition and order his immediate release in accordance with Zadvydas v. Davis, 121 St. C. 2491 (2001) and INS regulations.

## VI.   CONCLUSION

The petitioner believes his removal to China is not likely to occur in the reasonable foreseeable future. He has remained in INS custody for a total of twenty months. It is well established that China refused to issue documents for most of its ordered deported nationals. Indeed the petitioner has been informed by INS representatives and case workers that China is not currently issuing travel documents for any deportees at all.

Mr. Liao has a wife, who is a United States citizen. He also has two toddlers, who need his care and protection. Mr. Liao did not have any disciplinary problems while in detention. He will have a healthy support network available that will help his succeed outside of detention.

He is not a flight risk because he will live with his family in New York at 959 59th 2nd Floor, Brooklyn, NY 11219 and the home telephone number: (718)853-5639.

When he is released, he will concentrate on working and supporting his family. He is prepared to comply with all restriction imposed on him as a part of his release.

Mr. Liao has cooperated with the government's efforts to remove him from the United States. He has signed the application for travel documents twice and he has provided the government photographs, fingerprints, and identity papers.

China will not accept his deportation because he has been detained in the jail for nine months.

For the reasons stated above, I ask that government release Mr. Liao under an order of supervision so that he may joint his family, return to gainful employment and not longer be a financial burden to society.

Respectfully Submitted,

*/s/ Donglai Yang*

---
Donglai Yang, La. Bar. 27147
Law Offices of Mendy & McElroy,
4334 Earhart Blvd. Second Floor
New Orleans, LA 70125
Tel: (504)822-1776
Fax: (504)822-1779

## **CERTIFICATE OF SERVICE**

I certify that I served the United States attorney General with the forgoing, writ of Habeas Corpus Petition, by placing a true and complete copy on an envelop, postage prepaid and mailing it to the following address, on this _10th_ day of _June_, 2003

        Mr. Jim Letten, United States attorney, and Kathryn W. Becnel
        Hale Boggs Federal Building
        501 Magazine Street, Second Floor
        New Orleans, LA 70130

                                                _/s/ Donglai Yang_
                                                DONGLAI YANG

The law offices of

# MENDY & MCELROY, LLC

(Business and Tax attorneys)
4334 Earhart Boulevard, second floor
New Orleans, Louisiana 70125-1306

Edward B. Mendy*†
Kenya J. Rounds
Sarah Whelan**††
Donglai Yang**

June 3, 2003

Telephone: (504) 822-1776

Facsimile: (504) 822-1779

\* LL.M in Taxation
\*\* LL.M (General)
\*\*\* LL.M in Labor Law
† Also Admitted in Pennsylvania
†† Also Admitted in PA & C

**Of Counsel**
Stephen M. Wiles
Russell L. Jones***

## CERTIFIED MAIL WITH RETURN RECEIPT REQUESTED and VIA FACSIMILE 1-202-353-1861

Headquarters Post Order Unit (HQPDU)
801 I St., NW, Room 800
Washington, DC 20536

      Alien's name:      Liao, Jiansong
      A#      40-295-181
      Detention Center Address:      P. O. Box 250
      Amite, LA 70422

Dear Sir and Madam:

Please find the enclosed G-28 showing my representation. I request that the BCIS takes the following information into consideration in reviewing custody status because I believe that Mr. Liao qualifies for an order of supervision. Mr. Liao is under a final order of removal and has been in detention for almost a year since his order of removal became final. He is not a danger to public safety, and he is not a flight risk. **Most importantly, Chinese government has sent a letter to the BCIS that clearly stated that China will not accept Mr. Liao.**

Mr. Liao is a permanent resident. Mr. Liao has a wife, who is a United States citizen. He also has two toddlers, who need his care and protection. Mr. Liao did not have any disciplinary problems while in detention. He will have a healthy support network available that will help his succeed outside of detention.

He is not a flight risk because he will live with his family in New York at 959 59th 2nd Floor, Brooklyn, NY 11219 and the home telephone number: (718)853-5639.

When he is released, he will concentrate on working and supporting his family. He is prepared to comply with all restriction imposed on him as a part of his release.

Mr. Liao has cooperated with the government's efforts to remove him from the United States. He has signed the application for travel documents twice and he has provided the government photographs, fingerprints, and identity papers.

China will not accept his deportation because he has been detained in the jail for nine months.



Mr. Liao's request is premised upon 8 C. F. R. §241.13(d), which states that:

Showing by the alien (1) any eligible alien may submit a written request for release to the HQPDU asserting the basis for the alien belief that there is not significant likelihood that the alien will be removed in the reasonably foreseeable future to the country to which the alien was ordered removed and there is no third country willing to accept the alien. The alien may submit whatever documentation to the HQPDU he or she wishes in support of the assertion that there is no significant likelihood of removal in the reasonably foreseeable future.

Mr. Liao's removal is not significantly likely in the reasonable foreseeable future. U. S. Supreme Court in Zadvydas v. INS, 533 U. S. 678 (2001) has created a 6 month period. Mr. Liao has already been detained by the INS for more than 180 days. Therefore, Mr. Liao has met the burden of proof that there is not significant likelihood of removal in the reasonable foreseeable future.

For the reasons stated above, I ask that government release Mr. Liao under an order of supervision so that he may joint his family, return to gainful employment and not longer be a financial burden to society.

**Sincerely,**

*Donglai Yang*
**DONGLAI YANG**
DLY